IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02067-BNB

ALPHONSO JAY WILLIAM, also known as
ALPHONSO JAY WILLIAMS, also known as
ALPHONSO WILLIAMS,

      Applicant,

v.

ARISTEDES W. ZAVARA [sic]/Excutive [sic] Director, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

      Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**DEC 1 7 2009**

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Alphonso Jay William, referred to as Alphonso Jay Williams or

Alphonso Williams in state court documents, is a prisoner in the custody of the

Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon,

Colorado, correctional facility.  Mr. William has filed *pro se* an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in

Denver District Court case number 02CR809.  He has been granted leave to proceed *in

forma pauperis* pursuant to 28 U.S.C. § 1915.

On September 9, 2009, Magistrate Judge Boyd N. Boland ordered Respondents

to file within twenty days a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On September 24, 2009, Respondents filed

their pre-answer response. On October 22, 2009, Applicant filed a motion titled "Motion to Stay or Continue Habeas Petition Pursuant to 42 USC 2251," in which he asks the Court to stay the instant action while he exhausts state court remedies for certain claims he wishes to raise in this action. The request for a stay in order to exhaust state court remedies will be denied. On November 30, 2009, Applicant filed a reply after the October 14, 2009, deadline for doing so.

The Court must construe liberally Mr. William's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application in part.

In 2004, Mr. William was convicted on jury verdicts finding him guilty in Denver District Court case number 2002CR809 of second-degree kidnapping, false imprisonment, aggravated robbery, and two counts of menacing. The trial court adjudicated him as a five-time habitual criminal and sentenced him to concurrent terms of imprisonment in the DOC totaling ninety-six years. On March 6, 2008, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Williams*, No. 04CA21865 (Colo. Ct. App. Mar. 6, 2008) (not published). On June 23, 2008, the Colorado Supreme Court denied certiorari review.

On May 26, 2009, Mr. William filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure alleging ineffective assistance of trial counsel. On June 23, 2009, the trial court denied the motion. There is no

2

record that Mr. William sought appellate review. *See* answer, ex. A (register of actions) at 16. On August 25, 2009, he submitted his habeas corpus application, which the Court filed on August 31, 2009. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

In his application, Mr. William asserts four claims:

> (1) that the Denver district court erred in admitting deoxyribonucleic acid (DNA) blood test results because the police officer who collected a sample from blood found at the crime scene did not testify. Without this testimony, the prosecution failed to lay a foundation that the blood subjected to DNA testing was the same blood collected from the crime scene. Also, he was deprived of an opportunity to confront the officer about his collection of the sample.

> (2) that the district court erroneously denied his motion to suppress DNA blood evidence based on a personal sample obtained against his will. There was probable cause to believe a crime had been committed, but the supporting affidavit did not set forth reasonable grounds to suspect he committed the robbery.

> (3) that the district court should have provided the jury with definitions of the terms deadly weapon, bodily injury, and serious bodily injury. The absence of these definitions deprived him of his right to a jury finding of guilt beyond a reasonable doubt on all the essential elements of menacing and aggravated robbery.

> (4) that the district court did not conduct colloquies to ensure he knowingly, voluntarily, and intelligently waived his statutory and constitutional rights to a speedy trial. He also alleges a violation of his speedy trial rights under the Uniform Mandatory Disposition of Detainers Act (UMDDA).

3

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

4

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A review of Mr. William's opening briefs on direct appeal reveals that only the Confrontation Clause portion of his first claim, i.e., that he was denied an opportunity to confront the police officer about his collection of the sample from blood found at the crime scene because the officer did not testify, was raised as a federal constitutional issue on direct appeal. The confrontation portion of Mr. William's first claim will be drawn to a district judge and to a magistrate judge. The remaining portions of his first claim concerning the admission of the DNA blood test results and the failure to lay a foundation concerning the blood subjected to DNA testing, despite a cursory mention of due process, were presented as violations of the Colorado Rules of Evidence.

"Federal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation." *Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) (citation and internal quotation marks omitted). Although Mr. William made fleeting reference to due process, tacked on at the beginning and end of a state-law evidentiary argument, he relied on state law concerning the non-Confrontation Clause portions of his first claim. *See* answer, ex. D (amended opening brief) at 9-15; *see also*

answer, ex. E (petition for writ of certiorari) at 8-13.  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Picard*, 404 U.S. at 278;  *see also Duncan*, 513 U.S. at 365-66.  Therefore, Mr. William failed to exhaust the non-Confrontation Clause portions of his first claim concerning the admission of the DNA blood test results and the failure to lay a foundation concerning the blood subjected to DNA testing.  The non-Confrontation Clause portions of the first claim will be dismissed for failure to raise a federal constitutional issue.

Respondent concedes that Mr. William exhausted his second claim, raised as a Fourth Amendment search-and-seizure claim, on direct appeal.  *See* answer, ex. D (amended opening brief) at 15-22; *see also* answer, ex. E (petition for writ of certiorari) at 14-20.  Respondent also concedes that he exhausted his third claim, raised as a due process claim, on direct appeal.  *See* answer, ex. D (amended opening brief) at 22-27; *see also* answer, ex. E (petition for writ of certiorari) at 20-25.  Having reviewed Mr. William's appellate briefs, the Court agrees.  The second and third claims are exhausted, and will be drawn to a district judge and to a magistrate judge.

As his fourth claim, Mr. William asserts that the district court did not conduct colloquies to ensure he knowingly, voluntarily, and intelligently waived his statutory and constitutional rights to a speedy trial.  He also alleges a violation of his speedy trial rights under the UMDDA, Colo. Rev. Stat. § 16-14-101 through 108, which governs procedures for intrastate detainers.

Mr. William did not assert a violation of the UMDDA in his state direct appeal. **See** answer, ex. D (amended opening brief) at 27-36; **see also** answer, ex. E (petition for writ of certiorari) at 25-33. In any case, a violation of the UMDDA will not sustain a 28 U.S.C. § 2254 claim because it is based on state law rather than federal. **See** 28 U.S.C. § 2254(a); **see also Mills v. McKune**, 280 Fed. Appx. 711, 712 (10th Cir. 2008). Therefore, the UMDDA portion of claim four will be dismissed for failure to raise a federal constitutional issue.

While Mr. William did challenge his speedy trial waiver on direct appeal, he did so in a procedurally improper manner. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." **Coleman v. Thompson**, 501 U.S. 722, 732 (1991); **see also Edwards v. Carpenter**, 529 U.S. 446, 452-53 (2000) (explaining procedural default doctrine protects integrity and prevents frustration of federal exhaustion rule). A state's application of a procedural bar forecloses federal habeas review, **Coleman**, 501 U.S. at 731-32, if it is an independent and adequate state ground, such that the procedural bar "relies on state law, rather than federal law, as the basis for the decision" and is "strictly or regularly followed and applied evenhandedly to all similar claims." **Hickman v. Spears**, 160 F.3d 1269, 1271 (10th Cir. 1998) (citation and internal quotation marks omitted). As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause

and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Here, the Colorado Court of Appeals concluded that Mr. William waived all speedy trial objections on appeal because he failed to demand dismissal prior to trial as required by Colo. Rev. Stat. § 18-1-405(5), and *People v. McMurtry*, 122 P.3d 237, 241-42 (Colo. 2005). Therefore, Mr. William procedurally has defaulted the federal component of his fourth claim. *See Coleman*, 501 U.S. at 735.

He blames the default on trial counsel's ineffectiveness. Although ineffective assistance of counsel could constitute cause and actual prejudice excusing the default, *see Ross v. Ward*, 165 F.3d 793, 798 (10th Cir. 1999), Mr. William has not exhausted state remedies regarding this particular ineffective-assistance-of-counsel claim. The order denying postconviction relief attached to Mr. William's application reveals he alleged other factual bases for ineffective assistance. *See* application at attached "Order re: Defendant's Motion for Postconviction Relief Pursuant to Crim. P. 35(c)," 1-2.

Even if the trial court's ruling were not dispositive and Mr. William had alleged trial counsel was ineffective for failing to assert a speedy trial violation in a timely manner, he still failed to exhaust the ineffective-assistance-of-counsel claim by not finishing one complete round of Colorado's established appellate review process. *See O' Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Any attempt by Mr. William to present this ineffective-assistance-of-counsel claim to the Colorado courts will be denied by an independent and adequate state procedural bar. *See Coleman*, 501 U.S. at 735 n.1. The Colorado Supreme Court requires petitioners for postconviction relief to allege all claims of ineffective assistance of counsel in a single collateral attack. Colo. R. Crim. P. 35(c)(3)(VII)-(VIII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought except . . . the court shall not deny a postconviction claim of ineffective assistance of trial counsel on the ground that all or part of the claim could have been raised on direct appeal."). Therefore, the speedy trial waiver portion of claim four will be dismissed as procedurally barred. Accordingly, it is

ORDERED that the instant application is denied in part as discussed below. It is

FURTHER ORDERED that the unexhausted portions of claim one concerning the admission of the DNA blood test results and the failure to lay a foundation concerning the blood subjected to DNA testing are dismissed for failure to raise a federal constitutional issue. It is

FURTHER ORDERED that the unexhausted portion of claim four concerning the Uniform Mandatory Disposition of Detainers Act is dismissed for failure to raise a federal constitutional issue. It is

FURTHER ORDERED that the speedy trial waiver portion of claim four is dismissed as procedurally barred. It is

9

FURTHER ORDERED that the exhausted portion of claim one concerning Applicant's Confrontation Clause rights, exhausted claims two and three, and the case are drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that the motion titled "Motion to Stay or Continue Habeas Petition Pursuant to 42 USC 2251" is denied.

DATED at Denver, Colorado, this _16_ day of ___December___, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02067-BNB

Alphonso Jay William
Prisoner No. 86582
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 12/17/09

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                        Deputy Clerk